IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ANN TAYLOR, | No. 2:13-CV-2003-KJM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |
| _____ / | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is defendant's motion to compel (Docs. 16 and 21) production of plaintiff's state disability records.

Plaintiff alleges a slip-and-fall accident on June 10, 2011, outside the lawn and garden area at defendant's Redding, California, store. According to plaintiff, she missed two weeks of work immediately following the incident. Plaintiff also states that she missed work on two more occasions for surgeries related to the incident in April 2012 and again in April 2013. Plaintiff testified at her deposition that, prior to the June 10, 2011, incident, she had sustained an ankle injury at work and was on state disability. She also testified that she suffered breast cancer after the June 10, 2011, incident.

In order to evaluate plaintiff's damages claims based on lost earnings, defendant served a subpoena for records on the California Employee Development Department ("EDD") under Federal Rule of Civil Procedure 45. While plaintiff did not move to quash the subpoena or otherwise object, EDD refused to produce records without plaintiff's written authorization. Plaintiff refused, citing privacy reasons. Defendant notes that it served 38 other subpoenas for plaintiff's medical and billing records and plaintiff never objected to any of them. Defendant now moves the court for an order compelling plaintiff to execute the necessary authorizations for production of the EDD records.

Generally, discovery may be obtained "...regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1). See id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See id. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See id.

Discovery may not be obtained regarding matters which are privileged. See Fed. R. Civ. P. 26(b)(1). Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case. See Baldridge v. Shapiro, 455 U.S. 345 (1982). The question of privilege is determined by reference to the Federal Rules of Evidence. See Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979). Generally, questions of privilege "...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of

reason and experience." Fed. R. Evid. 501.  However, in civil actions which do not raise a federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501. But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens."  Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

Finally, relevant non-privileged discovery may be limited if:  (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

Defendant persuasively argues that plaintiff has put her medical and earnings history at issue by bringing the instant personal injury lawsuit.  Given plaintiff's testimony that she became disabled due to the subject incident, EDD records relating to previous disability claims is relevant inasmuch as defendant is entitled to determine what portion of plaintiff's damages are attributable to the subject incident.  See California Evidence Code § 996.

As to plaintiff's argument that the discovery is barred by the collateral source rule, defendant is correct that the rule is a limitation on what evidence is admissible at trial.  See Ishikawa v. Delta Airlines, Inc., 343 F.3d 1129 (9th Cir. 2003).  Because, as discussed above, broader rules govern what is permitted in discovery, plaintiff's argument is not persuasive.  In other words, while defendant may be able to obtain the EDD records via discovery, plaintiff may still raise collateral source rule objections to any such  evidence sought to be admitted at trial.  That argument would be the proper subject of a pre-trial motion in limine.

/ / /

/ / /

/ / /

Plaintiff argues that defendant's motion cannot be granted because defendant did not serve EDD or the California Attorney General with its motion. Plaintiff, however, cites no authority in support of this position. In any event, to the extent EDD has, as plaintiff states, "an independent right and obligation to protect the confidentiality of the records sought," EDD apparently chose not to exercise that right by, for example, moving to quash the subpoenas served by defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (Docs. 16 and 21) is granted; and

2. Within 5 days of the date of this order, Plaintiff shall execute the appropriate authorizations for production of the EDD records sought in defendant's subpoena.

DATED: December 12, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE